# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT CARL SIMPSON | ) | |
| | ) | |
| v. | ) | 3-07-CV-1967-N |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice | ) | |
| Correctional Institutions Division | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Tennessee Colony, Texas.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of aggravated assault as charged in the indictment returned in No. F-04-0634-T, Simpson was tried by a jury which found him guilty. Thereafter the jury found that he had been convicted of the two prior felony offenses alleged in the enhancement paragraphs of the indictment and assessed his punishment at a term of 25 years imprisonment. He appealed his conviction which was affirmed by the Fifth Court of Appeals at Dallas. The Court of Criminal Appeals refused his petition for discretionary review.

Thereafter he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Court of Criminal Appeals without written order on the findings of the trial court without a hearing. Simpson then filed the present § 2254 petition on November 20, 2007, the date on which he signed it. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

**Findings and Conclusions**: As his sole ground for relief Simpson claims that his trial attorney rendered ineffective assistance of counsel in failing to investigate the prior convictions alleged in the indictment to enhance the range of punishment. Specifically he claims that such omitted discovery would have shown that there was insufficient evidence to establish that the prior conviction alleged in the second enhancement paragraph of the indictment, to wit: F-76-4360-P, was committed prior to the date on which he committed the crime alleged in the first enhancement paragraph, to wit: F-94-55725-SM.[1]

In Simpson's art. 11.07 proceeding the trial court obtained the affidavit of his trial attorney, George R. Conkey, in which he stated that he reviewed the records and found no error with respect to the enhancement paragraphs. *See* Application No. WR-65,093-01, at 045. The trial court found that Conkey was a credible witness and found that the record supported Conkey's determination that there was no error. *Id.* at 037, ¶¶ 9 and 10.

Respondent submitted a copy of the record from Petitioner's prior state proceedings which

---

[1] It also appears that he claims that the Court of Criminal Appeals erred in adopting the trial court's finding that his conviction in F-94-55725-SM became final on June 12, 1994. As pointed out in his answer, Respondent correctly notes that any infirmities in the course of Simpson's collateral attack pursuant to art. 11.07 in the Texas courts are not grounds for relief in a § 2254 petition. *See e.g. Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). At most any demonstrated error in a fact finding in the state court system would rebut the presumption of correctness afforded to that factual determination. *See* § 2254(e)(1).

includes copies of the documentary evidence admitted in the punishment phase of Simpson's trial to prove the elements of the enhancement paragraphs of the indictment. *See* F-04-00634-OT, Reporter's Record, Vol. 6, Exhibits, State's Exhibits 21 and 22. Exhibit 22, which relates to his conviction alleged in the second enhancement paragraph, No. F-76-4360-P, includes a copy of the judgment reflecting that he committed the murder on April 17, 1976, and that he was found guilty by a jury on November 12, 1976, and was sentenced by the court to a term of 20 years on November 29, 1976. He was received by the Texas Department of Criminal Justice on December 2, 1976. Exhibit 21, which relates to his conviction alleged in the first enhancement paragraph, No. F-94-55725-SM, includes a copy of the judgment reflecting that he committed the drug offense on June 12, 1994, and was sentenced to a three-year term of imprisonment upon his plea of guilty on February 24, 1997.

It appears that Petitioner's main complaint is that the state trial court made an erroneous finding with respect to the date on which his conviction in No. F-94-55725-SM, *supra*, became final, *see* n. 1 above and Attachment B to his petition at page 2. As reflected in Exhibit 21, above, he was not convicted until February 24, 1997, the date on which he pleaded guilty and was sentenced. However, Simpson has presented nothing to show that he did not commit the murder for which he was convicted before he committed the drug offense on June 12, 1994, for which he was convicted on February 24, 1997. Under such circumstances he cannot show that he was prejudiced by any omission by his trial attorney. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") A mere allegation of prejudice is insufficient to satisfy the prejudice prong, particularly when the claim is directly refuted by court records. *See*

3

*Armstrong v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Since the *Strickland* test requires a defendant to demonstrate both "cause" and "prejudice," Simpson is not entitled to relief.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 31st day of July, 2008.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.